Ara Sahelian, Esq., [CBN 169257]
SAHELIAN LAW OFFICES
23276 South Pointe Drive, Suite 216
Laguna Hills, CA 92653
949. 859. 9200
e-mail: sahelianlaw@me.com
Attorneys for Rainbow Seafood Market; Ruey Jan Tsai; Hui Lan Tsai

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**(Western Division - Los Angeles)**

Carmen John Perri,
    Plaintiff,
vs.
Rainbow Seafood Market; Ruey Jan Tsai individually and as co-trustees of the TSAI FAMILY TRUST, dated JUNE 11, 2002; Hui Lan Tsai individually and as co-trustees of the TSAI FAMILY TRUST, dated JUNE 11, 2002
    Defendants.

.

CASE NO.: 2:20-cv-07726-GW-AS
The Honorable George H. Wu

**POINTS AND AUTHORITIES TO DEFENDANTS' MOTION TO DISMISS [FRCP 12(b)1]**

Hearing Date: 11/19/20
Time: 8:30 AM

**TABLE OF CONTENTS**

**I. INTRODUCTION**
Compliance with Local Rule 7-3
Summary of Argument

**II. DISCUSSION**
a. The Complaint Is Jurisdictionally Defective and Subject to Dismissal under Federal Rule of Civil Procedure 12(b)(1)
……………………………………………… pg. 4
b. Plaintiff Has Failed to Allege Facts Demonstrating the Existence of an Injury-In-Fact
……………………………………………… pg. 4
c. Plaintiff Fails to Allege the Manner in which His Injury Can Be Redressed by a Favorable Decision.
……………………………………………… pg. 11
d. Plaintiff Has Not Alleged an Injury-in-Fact that Is Actual or Imminent, and Not Conjectural or Hypothetical
……………………………………………. pg.12
e. The Complaint, in Addition, Does Not Meet the Plausibility Standard and Is Subject to Dismissal under Federal Rule of Civil Procedure 12(b)(6)
……………………………………………. pg. 13
f. Plaintiff's ADA Claim Is Moot
……………………………………………… pg. 14

**III. CONCLUSION**

---

**TABLE OF AUTHORITIES**
*Bernhardt v. County of Los Angeles*,
279 F.3d 862, 868 (9th Cir. 2002)
……………………………………………… pg. 4

*United States v. Hays*,
515 U.S. 737, 742, 747 (1995)
……………………………………………. pg. 4

*Lujan v. Defenders of Wildlife*,
504 U.S. 555, 561
……………………………………………………. pg. 4, 5

*Bender v. Williamsport Area Sch. Dist.*,
475 U.S. 534, 541(1986)
……………………………………………………. pg. 4

*Warth v. Seldin*,
422 U.S. 490, 518 (1975)
……………………………………………………. pg. 5

*Chapman v. Pier 1 Imps. (U.S.), Inc.*,
631 F.3d 939, 944, 954, 955 (9th. Cir. 2011)
……………………………………………………. pg. 7

*Doran v. 7-Eleven, Inc.*,
524 F.3d 1034, 1041 (9th. Cir. 2008)
……………………………………………………. pg. 12

*Parr v. L & L Drive-Inn Restaurant*,
96 F. Supp. 2d 1065, 1079. (D. Haw. 2000)
……………………………………………………. pg. 12

*Ashcroft v. Iqbal,*
556 U.S. 662, 664
……………………………………………………. pg. 13

*Sprewell v. Golden State Warriors*,
266 F.3d 979, 988 (9th Cir. 2001)
……………………………………………………. pg. 13

*Starr v. Baca*,
633 F.3d 1191, 1204 (9th Cir. 2011)
……………………………………………………. pg. 13

*Kokkonen v. Guardian Life Ins. Co. of Am.*,

**TABLE OF CONTENTS AND AUTHORITIES**

511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)
………………………………………………………… pg. 14

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
549 U.S. 422, 430-431, 127 S. Ct. 1184, 167 L. Ed. 2d 15 (2007)
………………………………………………………… pg. 14

*Already, LLC v. Nike, Inc.*,
568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013)
………………………………………………………… pg. 14

*Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.*,
711 F.2d 138, 139 (9th Cir. 1983)
………………………………………………………… pg. 15

*Careau Grp. v. United Farm Workers of Am., AFL-CIO*,
940 F.2d 1291, 1293 (9th Cir. 1991)
………………………………………………………… pg. 15

---

L.R. 7-3
………………………………………………………… pg.

Fed. R. Civ. P. 12(h)(3)
………………………………………………………… pg.

Fed. R. Civ. P. 12(b)(1)
………………………………………………………… pg.

Fed. R. Civ. P. 56(a)
………………………………………………………… pg.

**TABLE OF CONTENTS AND AUTHORITIES**

**I. INTRODUCTION**

This Motion is being made on behalf of Rainbow Seafood Market, Ruey Jan Tsai, and Hui Lan Tsai (hereinafter also "Defendants"). On August 25, 2020, plaintiff Carmen John Perri, (hereinafter also "Plaintiff"), filed the instant action against Defendants, in relation to Rainbow Seafood Market, located at the property located at 4303 Maine Ave., Baldwin Park (hereinafter also, "Site"), asserting claims for "VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181 et seq. as amended by the ADA Amendments Act of 2008 (P.L. 110- 325); VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 et seq."

**Compliance with Local Rule 7-3:** This motion is made following an exchange of correspondence - and not a conference between counsel - pursuant to L.R. 7-3. No such conference took place as the Defense dispatched a lengthy letter to the Plaintiff on October 6, 2020, (see Exhibit E). Defendants received an immediate response from counsel representing the Plaintiff on the same day, with the following, "Please file your motion. We believe the current pleading is sufficient."

**Summary of Argument:** what we have before the Court is a complaint that does not articulate a violation of the Americans with Disabilities Act Accessibility Guidelines (The Guidelines), does not articulate harm (notwithstanding imminent harm), and does not articulate a remedy that can be fashioned by the Court. The complaint is woefully defective, and should be dismissed - with prejudice - as there is no possible way to cure it.

The absence of a violation: Plaintiff claims that Defendants' parking contains a built-up curb ramp. But there's nothing wrong with a built-up curb ramp. It is permissible by The Guidelines.

The absence of harm: Plaintiff alleges that he was harmed, but does not explain how. There is a reason Plaintiff does not explain how he was harmed, that's because there is no way he was harmed by the existing built-up curb ramp.

Silence as to the remedy sought: there is no explanation of what this Plaintiff seeks to have altered, that could make his next visit to the Property more convenient. There is no remedy that could possibly be fashioned that could change the conditions of Plaintiff's next visit.

## II. DISCUSSION

### a. The Complaint Is Jurisdictionally Defective and Subject to Dismissal under Federal Rule of Civil Procedure 12(b)(1)

"[F]ederal courts are required *sua sponte* to examine jurisdictional issues such as standing." *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002); *United States v. Hays*, 515 U.S. 737, 742, (1995). The existence of Article III standing is not subject to waiver. *Hays, 515 U.S., at* 742. It must be demonstrated "at the successive stages of the litigation," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3). "[E]very federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review.'" *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541(1986).

### b. Plaintiff Has Failed to Allege Facts Demonstrating the Existence of an Injury-In-Fact.

Plaintiff alleges "[T]here were no designated parking spaces available for persons with disabilities that complied with the 2010 Americans with Disabilities Act Accessibility Guidelines ("ADAAG") on July 15, 2020."

Complaint ¶ 13; "At that time, instead of having architectural barrier free facilities for patrons with disabilities, Defendants have: a built up curb ramp that projects from the sidewalk and into the access aisle (Section 406.5)." *Id* ¶ 14

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Lujan, 504 U.S. at* 560. To that end, "[a] 'concrete' injury must be 'de facto'; that is, it must actually exist." "Where, as here, a case is at the pleading stage, the plaintiff must clearly . . . allege facts demonstrating" the existence of an injury in fact. *Warth v. Seldin*, 422 U.S. 490, 518 (1975).

Although Plaintiff alleges that he is physically disabled, and that he visited the Site and encountered architectural barriers that denied him full and equal access, he does not allege how his disability relates to the barriers so as to deny him the "full and equal" access that would satisfy the injury- in-fact requirement. In other words, the Complaint does not connect the alleged violations to Plaintiff's disability, or indicate how he

encountered any one of them in such a way as to impair his full and equal enjoyment of the Site.

The complaint does not articulate a violation of the Americans with Disabilities Act Accessibility Guidelines. A built-up curb ramp is nothing more than a ramp that protrudes from the sidewalk out onto the parking lot. Exhibits A through C Display the built-up curb ramp at the Property. As can be seen, it is a convenient way to help someone in a wheelchair ascend onto the sidewalk, a parent with a stroller, or say a UPS driver with a heavy dolly.

The Guidelines allow a built-up curb ramp. (See Exhibit D, upper illustration). As per the Guidelines, the built-up curb ramp does not protrude into the access aisle. It does not protrude beyond the wheel-stops. (See Exhibit C).

The complaint does not articulate harm (notwithstanding imminent harm). There is no explanation as to why this Plaintiff is unable to scale the existing built-up curb ramp. There is no allegation that the built-up curb ramp exceeds the 1:12 (8.33%) slope requirement. In fact, there is no mention of any of the built-up curb ramp's features that stands to harm

Plaintiff. In plain English, what are the features of the existing built-up curb ramp that prevent Plaintiff from patronizing any of the businesses at the Property?

In 2011, an en banc panel met in *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 955 (9th. Cir. 2011) (en banc) to resolve intra-circuit conflicts on issues pertinent to the private enforcement of the ADA. The decision established the pleading standards as they apply to litigation under the ADA. *Chapman* is the only ADA-related en banc decision in the Ninth Circuit of which this attorney is aware.

The Ninth Circuit noted its purpose in analyzing *Chapman* en banc:

"We vacated the panel's decision after a majority of our court's non-recused active judges voted to rehear the appeal en banc to examine the Article III standing doctrine in the context of actions for injunctive relief under the ADA." 631 F.3d at 944.

Among the issues the Court addressed was whether Chapman had sufficiently pleaded injury-in-fact to have Article III standing under the case-or-controversy principles established by the Supreme Court. *Chapman*, 631 F.3d at 954-55. In so doing, the *Chapman* court analyzed

the established injury-in-fact requirements, set out by the Supreme Court in *Lujan*, as they had been applied to ADA cases.

The en banc panel in *Chapman* concluded that both the District Court, and the three-judge panel of the Ninth Circuit had missed the fact that the complaint was jurisdictionally defective on the grounds that none of the barriers alleged in the complaint were described to permit either the parties or the courts to understand *how* Chapman was personally affected by the barriers, how they related to his specific disability, or if they related to his disability at all. Further, the list of purported barriers did not indicate whether or how each deterred Chapman from returning to Pier 1. As a consequence, the *Chapman* court determined, the plaintiff failed to properly aver injury-in-fact or imminent harm, and thus "the district court should have dismissed" the ADA claims. *Id.* at 955.

> While we are mindful of the generous pleading standards that apply to civil rights plaintiffs, "a liberal interpretation of a . . . civil rights complaint may not supply essential elements of the claim that were not initially pled." *Pena v.*

*Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). Chapman's complaint fails to sufficiently allege the essential elements of Article III standing. Although Chapman alleges that he is "physically disabled," and that he "visited the Store" and "encountered architectural barriers that denied him full and equal access," he never alleges what those barriers were and *how his disability was affected by them so as to deny him the "full and equal" access that would satisfy the injury-in-fact requirement* (i.e., that he personally suffered discrimination under the ADA on account of his disability). (emphasis added). (*Id*. 954)

…

Chapman leaves the federal court to guess which, if any, of the alleged violations deprived him of the same full and equal access that a person who is not wheelchair bound would enjoy when shopping at Pier One. Nor does he identify how any of the alleged violations threatens to deprive him of full and equal access due to his disability if

> he were to return to the Store, or how any of them deter him from visiting the Store due to his disability. (*Id.* 955)
>
> …
>
> Because Chapman lacked standing at the outset of this litigation to assert the ADA claims, the district court should have dismissed them. See Fed. R. Civ. P. 12(b)(1); *Hays*, 515 U.S. at 747 (ordering the district court to dismiss the complaint for lack of standing). We therefore vacate the district court's grant of summary judgment, and remand with instructions to dismiss Chapman's ADA claim for lack of jurisdiction and for further proceedings consistent with this opinion

Chapman's complaint was dismissed for his failure to plead facts. Plaintiff's complaint is equally defective. The complaint filed by Plaintiff, here, is the type the 9th Circuit, in *Chapman,* admonished. It is devoid of allegations as to *how* the listed barriers denied him full and equal access. Simply put, Chapman was required to allege what he could not do at Pier One that an able-bodied person could. For instance, Plaintiff could not

make his way through the aisles because of the clutter, but an able-bodied person could; Plaintiff was unable to reach the items at the sales counter, but an able-bodied person could. No such allegations were made.

The central question is *how*: how was Plaintiff's disability affected by the alleged barriers so as to deny him full and equal access?

**c. Plaintiff Fails to Allege the Manner in which His Injury Can Be Redressed by a Favorable Decision.**

An ADA plaintiff must show his injury is caused by a violation of the objective ADAAG standards and may be redressed by a favorable order from a court. *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1137 (9th Cir. 2002) ("[Defendant's] noncompliance with [the ADA] has caused [plaintiff's] injury, and an injunction requiring [defendant] to comply with the ADA would redress it."). Simply put, what aspects of the Site must Defendants alter if Plaintiff is not to be deterred?

What is the order that Plaintiff seeks? If, for instance, Plaintiff would like the existing built-up curb ramp shown in Exhibit D, upper illustration, to be converted into the design shown in the lower illustration, he must say so. Plaintiff needs to explain the reasons why the lower illustration - showing a *built-in* curb ramp - must be implemented. More importantly,

Plaintiff needs to explain why the *built-in* curb ramp is easier to use. In truth, they are identical, and neither requires more effort than the other to use.

**d. Plaintiff Has Not Alleged an Injury-in-Fact that Is Actual or Imminent, and Not Conjectural or Hypothetical.**

Next, a plaintiff's intent to return must be sincere. *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th. Cir. 2008) (Evidence of past patronage of the business, location within a reasonable distance from Plaintiff's residence and along a familiar bus route, plus a sincere intent to return could demonstrate an "actual or imminent" injury.) *Parr v. L & L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1079. (D. Haw. 2000).

Here, there is no explanation as to the location at which Plaintiff resides, its distance from the Site, his intent to return to the area as evidenced by the regularity with which he visited the neighborhood, Plaintiff's relationship to the geographic area, and whether he has specific plans to return to the Site, as opposed to "some day."

Defendants should not have to commence costly discovery, for example, take the Plaintiff's deposition, only to discover that basic

elemental facts Plaintiff should have pled in order to have standing under Article III are absent. For the foregoing reasons, the Complaint is jurisdictionally defective and subject to dismissal under the Federal Rule of Civil Procedure 12(b)(1). Because Plaintiff lacks standing at the outset of this litigation to assert the ADA claims, the Court should dismiss them. Fed. R. Civ. P. 12(b)(1).

**e. The Complaint, in Addition, Does Not Meet the Plausibility Standard and Is Subject to Dismissal under Federal Rule of Civil Procedure 12(b)(6)**

A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *Ashcroft v. Iqbal,* 556 U.S. 662, 664 or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The Ninth Circuit stated that a complaint must be (1) "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it," and (2) "sufficiently plausible that it is not unfair to require the opposing party to be subjected to the expense of discovery." *Starr v. Baca*, 633 F.3d 1191, 1204 (9th Cir. 2011).

Plaintiff has given Defendants insufficient facts from which Defendants can assess the claims made, hoping to ensnare Defendants into engaging in costly discovery while running up fees.

**f. Plaintiff's ADA Claim Is Moot.**

Federal courts are courts of limited jurisdiction and presumptively lack jurisdiction over civil actions. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Because jurisdiction is a preliminary issue, a court must first determine it has jurisdiction before proceeding to rule on the merits of a case. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-431, 127 S. Ct. 1184, 167 L. Ed. 2d 15 (2007).

A court's authority to hear a case ceases if it is rendered moot. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013). "A case becomes moot—and therefore no longer a [c]ase or [c]ontroversy for purposes of Article III—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome' .... [H]owever, [] a defendant cannot automatically moot a case simply by ending its unlawful conduct once sued.... [A] defendant claiming

that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful conduct could not reasonably be expected to recur." *Id.* (quoting *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S. Ct. 1181, 71 L. Ed. 2d 353 (1982)).

The Court lacks subject matter jurisdiction over Plaintiff's ADA claim and must dismiss the Action as to all Defendants.

A "jurisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of the action." *Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.*, 711 F.2d 138, 139 (9th Cir. 1983) (citation omitted). "[T]he question of jurisdiction and the merits of an action will be considered intertwined where ... a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief. *Id.* (citation omitted) In that scenario, "the trial court should employ the standard applicable to a motion for summary judgment." *Careau Grp. v. United Farm Workers of Am., AFL-CIO*, 940 F.2d 1291, 1293 (9th Cir. 1991) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.

1983)). Under Federal Rule of Civil Procedure 56(a), a court may grant summary judgment only where "there is no genuine issue as to any material fact and ... the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Court must decide whether it has subject matter jurisdiction over Plaintiff's ADA claim. Deciding this issue, however, also determines the ultimate question in the case: whether the Property is liable under federal accessibility laws. Consequently, the Court must apply a summary judgment standard to decide the Motion.

Defendants have provided the Court with photographs and a declaration from the property manager, Ms. Michelle Lin, authenticating the evidence. The Court must therefore dismiss Plaintiff's ADA claim as moot.

**III. CONCLUSION**

What we have is a complaint alleging no credible violation of the Guidelines, with no credible allegation of an injury-in-fact, and proposing no remedy that could give the Property greater accessibility. No amount of amending can cure it. It must be dismissed with prejudice.

Respectfully submitted:
Date: 10/14/2020

_____
Ara Sahelian, Esq.
SAHELIAN LAW OFFICE