UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-7726-GW-ASx | Date | November 19, 2020 |
|---|---|---|---|
| Title | *Carmen John Perri v. Rainbow Seafood Market, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | Terri A. Hourigan | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |
| Osman Taher | Ara Sahelian | | |

**PROCEEDINGS:** TELEPHONIC HEARING ON DEFENDANT'S MOTION TO DISMISS [14]

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court DENIES Defendants' motion.

The Court sets a scheduling conference for December 21, 2020 at 8:30 a.m. The parties are to file a joint status report by noon on December 17, 2020.

|  | : | 04 |
|---|---|---|
| Initials of Preparer | JG | |

<u>*Perri v. Rainbow Seafood Mkt., et al.*</u>, Case No. 2:20-cv-07726-GW-(ASx)
Tentative Ruling on Motion to Dismiss

### I. Background

Defendants Rainbow Seafood Market, Ruey Jan Tsai and Hui Lan Tsai (collectively, "Defendants") move to dismiss the complaint filed by Carmen John Perri ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(1) and – despite the limitation suggested in the motion's title – pursuant to Federal Rule of Civil Procedure 12(b)(6) in this case brought pursuant to the federal Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act") in connection with allegations of a built up curb ramp and other issues in the parking area at a market in Baldwin Park, California.

### II. Analysis

A. <u>Rule 12(b)(1)</u>

Dismissal pursuant to Rule 12(b)(1) is appropriate when either the complaint or evidence extrinsic to the complaint demonstrates that the court lacks subject matter jurisdiction over the action. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Standing and mootness both pertain to a federal court's subject-matter jurisdiction, and therefore are properly the subject of a Rule 12(b)(1) motion. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *Id.* "With a factual Rule 12(b)(1) attack, . . . a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment." *Id.* "It also need not presume the truthfulness of the plaintiffs' allegations." *Id.*

"Article III of the Constitution requires that a plaintiff have standing before a case may be adjudicated." *Covington v. Jefferson Cnty.*, 358 F.3d 626, 637 (9th Cir. 2004). For Article III standing, Plaintiff must show (1) he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of Defendants; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *See, e.g.*, *Nuclear Info. & Res. Serv. v. Nuclear Regulatory Comm'n*,

1

457 F.3d 941, 949 (9th Cir. 2006); *see also Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) ("The 'irreducible constitutional minimum of standing' includes three elements:  (1) injury in fact; (2) causation; and (3) redressability."); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  Article III standing is a threshold issue, *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95, 102 (1998), and Plaintiff bears the burden of demonstrating his standing for each claim.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).

In addition, "[a] federal court's jurisdiction is limited to cases or controversies." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997).  "A claim is moot if it has lost its character as a present, live controversy."  *Id.*  "'The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted.'"  *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 862 (9th Cir. 2017) (quoting *Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 (9th Cir. 1998)).  "An action 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'"  *Id.* (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2012)).  "The party asserting mootness bears the heavy burden of establishing that there remains no effective relief a court can provide."  *Id.*  In particular, "'[a] request for injunctive relief remains live only so long as there is some present harm left to enjoin.'" *Bayer*, 861 F.3d at 864 (quoting *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1502 (D.C. Cir. 1995)).

In the Rule 12(b)(1) portion of their motion, Defendants begin by arguing that Plaintiff's Complaint does not articulate harm or remedy, relying at least in part on the contention that there is nothing wrong, in ADA terms, with the built-up curb ramp at issue in this case.  They also assert that Plaintiff has not alleged how his disability relates to the alleged barrier in question so as to deny him "full and equal" access.  In making these arguments, Defendants rely heavily on the Ninth Circuit's *en banc* decision in *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011) (en banc), which they summarize as finding a complaint "jurisdictionally defective on the grounds that none of the barriers alleged in the complaint were described to permit either the parties or the courts to understand how Chapman was personally affected by the barriers, how they related to his specific disability," and "whether or how each deterred Chapman from

returning." Docket No. 14-1, at 8:7-14.

The Court addresses *infra*, in connection with Defendants' mootness argument, Defendants' present meager effort to demonstrate, factually, that there is no possible ADA-based harm here because there are assertedly no ADA violation. First, however, it assesses what appear to be Defendants' concerns about the sufficiency of Plaintiff's Article III standing *allegations*.

The Court does not share Defendants' uncertainty in this regard. Plaintiff alleges that he has impaired "musculoskeletal and neurological systems" that result in "weakness, fatigue, pain, and loss of strength" in his arms, hands, and legs. Complaint ¶ 1. He has also developed "permanent nerve damage that has caused increased pain and limits his ability to function and limits his mobility." *Id.* Consequently, he is substantially limited in his walking and "ambulating," among other things. *Id.* He is "subject to falls, unsteady on his feet, cannot walk for any significant distance without having to periodically rest, and often relies upon mobility devices to ambulate including a cane, walker, or wheelchair." *Id.* He also holds a Disabled Person Parking Placard. *See id.* Defendants present no evidence outside the Complaint on this point, so this aspect of their Rule 12(b)(1) argument is a "facial" Rule 12(b)(1) challenge, meaning the Court accepts as true Plaintiff's allegations.

From these allegations, it is obvious to this Court that an allegedly non-compliant built up curb ramp projecting into a parking space's access aisle, with an excessive slope, and with "truncated domes" in the accessible parking area creating slopes exceeding what is allowed, *see* Complaint ¶ 14, personally affect Plaintiff, relate to his disability and would deny him "full and equal access" to Defendants' business. *See also id.* ¶ 18; ¶ 19 ("[T]he enumerated conditions relate to the use of the accessible parking, relate to the slope and condition of the accessible parking and accessible path to the accessible entrance, and relate to the proximity of the accessible parking to the accessible entrance."); ¶ 23.[1] Plaintiff has clearly sufficiently-pled the injury-in-fact necessary for

---

[1] In contrast, in *Chapman* – which involved an appeal from a summary judgment ruling – the plaintiff simply attached an "Accessibility Survey" to his complaint and later submitted an additional report compiled by his expert that identified thirty violations, some of which were listed in the complaint, and some of which were new. *See Chapman*, 631 F.3d at 943-44 & n.1. Commenting on the plaintiff's complaint, the *en banc* Ninth Circuit noted that although the plaintiff had alleged that he was physically disabled, visited the store and encountered architectural barriers that denied him full and equal access, "he

3

Article III standing.

With respect to whether injury is actual or imminent, not conjectural or hypothetical, Defendants assert that "a plaintiff's intent to return must be sincere," and fault Plaintiff for providing "no explanation as to the location at which Plaintiff resides, its distance from the Site, his intent to return to the area as evidenced by the regularity with which he visited the neighborhood, Plaintiff's relationship to the geographic area, and whether he has specific plans to return to the Site," as opposed to simply doing it "some day." Docket No. 14-1, at 12:17-23. Again, Defendants cite no authority that appear to require this, at least at the pleadings stage. Moreover, they do not even suggest how a court would test "sincerity" in this regard, especially at the pleadings stage. Plaintiff has alleged that he visited the business on or about July 15, 2020, and that he "intends to return to the Business for the dual purpose of availing himself of the goods and services offered to the public and" – having earlier asserted that he (rather obviously) "has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments" – "to ensure that the Business ceases evading its responsibilities under federal and state law." Complaint ¶¶ 20-21; *see also id.* ¶ 34 ("Given its location and options, Plaintiff will continue to desire to patronize the Business . . . ."). This appears to be all that is required, at least at the pleadings stage. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008) ("Allegations that a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent.").[2] He also correctly notes that "tester" standing is permissible under the ADA. *See Civ. Rights Educ. & Enforcement Ctr. v. Hospitality Props. Trust*, 867 F.3d

---

never alleges what those barriers were and how his disability was affected by them." *Id.* at 954. As noted, Plaintiff *has* identified the barriers in question in this case, and the connection between those barriers and his disability is obvious.

[2] This not only satisfies the actual/imminent not conjectural/hypothetical requirement generally, it also satisfies the injury-in-fact requirement specifically with respect to injunctive relief. Where a party seeks injunctive relief, a plaintiff "must allege 'continuing, present adverse effects' stemming from the defendant's actions," and a "plaintiff experiences continuing adverse effects where a defendant's failure to comply with the ADA deters her from making use of the defendant's facility." *Civil Rights Educ. & Enforcement Ctr. v. Hospitality Props. Trust*, 867 F.3d 1093, 1098 (9th Cir. 2017) (quoting *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983)).

1093, 1101-02 (9th Cir. 2017).

On the issue of redressability, Defendants express uncertainty as to "what aspects of the Site must Defendants alter if Plaintiff is not to be deterred?" and "What is the order that Plaintiff seeks?"  Docket No. 14-1, at 11:18-21.  They also believe – though they cite no authority in support of this belief – that Plaintiff "needs to explain the reasons why the lower illustration [in an exhibit Defendants have attached to their motion] – showing a *built-in* curb ramp – must be implemented" and also "needs to explain why the *built-in* curb ramp is easier to use." *Id.* at 11:26-12:1.  Given that Defendants have not identified any authority (let alone precedential authority) requiring that Plaintiff "explain the reasons" why a particular curb ramp must be implemented or "explain" why such a curb ramp is "easier to use," the Court rejects those arguments, at least at the pleadings stage.

Defendants' own cited authority makes clear how the Article III redressability requirement is satisfied in this context:  "[Defendants' alleged] noncompliance with [the ADA] has caused [Plaintiff's] injury, and an injunction requiring [Defendants] to comply with the ADA would redress it."  *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 (9th Cir. 2002) (cited at Docket No. 14-1, at 11:14-19); *see also Namisnak v. Uber Techs., Inc.*, 971 F.3d 1088, 1094 (9th Cir. 2020) ("[A]n injunction would redress that injury by requiring Uber to offer access to its services."); *Civ. Rights Educ.*, 867 F.3d at 1102 ("A plaintiff need only show that 'a favorable decision will relieve' her injuries.  The Named Plaintiffs have requested that the court fashion an injunction mandating that the HPT hotels comply with the ADA.  If the Named Plaintiffs were to prevail and receive their requested relief, then their injuries would be redressed.  They have therefore satisfied the redressability requirement, whether or not they are correct on the merits.") (quoting *Larson v. Valente*, 456 U.S. 228, 243 n.15 (1982)).  This is a relatively simple requirement to satisfy in the ADA context, and Plaintiff has done so here.  *See* Complaint ¶ 28 ("Without injunctive relief, Plaintiff will continue to be unable to fully access Defendants' facilities in violation of Plaintiff's rights under the ADA."); Prayer ¶ 1 (seeking "[a] preliminary and permanent injunction enjoining Defendants from further violations of the ADA").

On the issue of mootness, Defendants acknowledge that resolving the issue also resolves the ultimate question (or at least one of the ultimate questions) in the case – is

the curb ramp ADA compliant? They therefore assert that the Court *must apply a summary judgment standard*, *see* Docket No. 14-1, at 16:11-13, and note that they "have provided the Court with photographs and a declaration from the property manager," *id.* at 16:14-16. Beyond questioning whether this is truly an issue of "mootness" – it appears Defendants' position is that *at least its curb ramp* was ADA-compliant even at the time of Plaintiff's visit to the property, not that a prior violation has been cured *after* that visit – even if the Court were inclined to engage in a merits-assessment in connection with this motion,[3] it would first require the parties to provide the documentation this Court's Local Rules 56-1 and 56-2 mandate for a summary judgment motion.

Even beyond that procedural point, Defendants' presentation in their motion on this issue consists solely of the property manager's declaration attesting to the accuracy of photographs of the shopping center. *See* Declaration of Michelle Lin in Support of Defendants' Motion to Dismiss, Docket No. 14-3, ¶ 2. There is no discussion – at least in the opening papers[4] – whatsoever of, for instance, slope calculations. That the Court would rule on the merits in favor of Defendants based upon this presentation is exceedingly unlikely.

B. Rule 12(b)(6)

Under Rule 12(b)(6), a court must (1) construe the complaint in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The Court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir.

---

[3] *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("We have held that a '[j]urisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action.'") (quoting *Sun Valley Gas, Inc. v. Ernst Enters.*, 711 F.2d 138, 139 (9th Cir. 1983)) (omitting internal quotation marks).

[4] A party is not permitted to present new arguments in a Reply brief, nor is the movant on a summary judgment motion (or its equivalent) allowed to introduce new evidence in connection with a Reply brief. The Court therefore ignores Defendants' efforts in those regards here.

2003).  In its consideration of the motion, the Court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading."  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruling on other grounds recognized in Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) (dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief).  However, a plaintiff must also "plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Johnson*, 534 F.3d at 1122 (quoting *Twombly*, 550 U.S. at 570); *see also William O. Gilley Enters., Inc. v. Atlantic Richfield Co.*, 588 F.3d 659, 667 (9th Cir. 2009) (confirming that *Twombly* pleading requirements "apply in all civil cases").  A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Defendants' Rule 12(b)(6) argument is exceedingly limited.  Apart from setting forth the standards applicable to such a motion, they argue only that "Plaintiff has given Defendants insufficient facts from which Defendants can assess the claims made, hoping to ensnare Defendants into engaging in costly discovery while running up fees."  Docket No. 14-1, at 14:1-4.  In other words, they do not identify, in any way, which element or elements in particular they feel Plaintiff has not alleged.

"To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity

that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010); *see also Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008) ("A Title III claim . . . requires that a plaintiff establish that (1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA."). The Court concludes that Plaintiff has made the necessary *allegations*. *See* Complaint ¶¶ 1-5, 10-14, 18-19, 23, 26, 30-31, 33.[5]

### III.  Conclusion

For the foregoing reasons, the Court denies Defendants' motion.

---

[5] It is true that, under *Twombly/Iqbal*, Plaintiff does have to provide factual allegations, not mere conclusions, and the dividing line between fact and conclusion is not always easy to judge. But here, as discussed *supra* in connection with the question of injury-in-fact, Plaintiff has not only identified the alleged ADA-noncompliant barriers, he has also alleged how or why those barriers deny him full and equal access.