Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 SW Birch St., Ste. 200
Newport Beach, CA 92660
Office: (949) 200-8755
DisabilityRights@manninglawoffice.com

Attorneys for Plaintiff: CARMEN JOHN PERRI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN JOHN PERRI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RAINBOW SEAFOOD MARKET, a business of unknown form; RUEY JAN TSAI AND HUI LAN TSAI, individually and as co-trustees of the TSAI FAMILY TRUST, dated JUNE 11, 2002; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No. 2:20-cv-07726-GW-AS**<br><br>**Honorable George H. Wu**<br><br>**JOINT RULE 26(f) REPORT**<br><br>**DATE:** December 21, 2020<br>**TIME:** 8:30 a.m.<br>**DEPT:** 9D |

1

Plaintiff  CARMEN JOHN PERRI ("Plaintiff") and RAINBOW SEAFOOD MARKET, a business of unknown form; RUEY JAN TSAI AND HUI LAN TSAI, individually and as co-trustees of the TSAI FAMILY TRUST, dated JUNE 11, 2002, ("Defendant") respectfully submit this Joint Report ("the Report") pursuant to Federal Rules of Civil Procedure Rule 26(f).

**A.     STATEMENT OF THE CASE**

   **1.     Plaintiff:**

   1.     Plaintiff is an adult California resident. Plaintiff's musculoskeletal and neurological systems are impaired.  These impairments result in weakness, fatigue, pain, and loss of strength in his arms, hands, and legs.  He has also developed permanent nerve damage that has caused increased pain and limits his ability to function and limits his mobility, especially for any extended period of time.  He is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, and/or sitting.  Plaintiff's circulatory and cardiovascular systems are impaired.  Specifically, Plaintiff has been diagnosed with Atrial Fibrillation.  This substantially limits his ability to walk, stand, ambulate, breath, sit, or otherwise function.  As a result of his impairments, he is subject to falls, unsteady on his feet, cannot walk for any significant distance without having to periodically rest, and often relies upon mobility devices to ambulate including a cane, walker, or wheelchair.  With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act, 42 U.S.C. §12102(2) as amended by the ADA Amendments Act of 2008 (P.L. 110-325) ("ADA") and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq.  At the time of Plaintiff's visits to Defendants' facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, including those set forth in this paragraph.  Plaintiff is also the holder of a Disabled Person Parking Placard.

Plaintiff personally visited Defendant's Property, located at 4303 Maine Ave., Baldwin Park, CA 91706 ("Property"), on July 15, 2020 but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities located at the Property, even though he would be classified as a "bona fide patron." Specifically, he desired to visit the Property as a consumer, but instead encountered a built up curb ramp that projects from the sidewalk and into the access aisle (Section 406.5). Additionally, the curb ramp is in excess of the maximum grade allowed by ADAAG specifications (Section 406.1); and, truncated domes in the accessible parking area that create slopes excessive of the maximum allowed (Section 502.4).

Plaintiff alleges Defendant violated Plaintiff's rights under the American with Disabilities Act and the Unruh Civil Rights Act. In addition to injunctive relief, Plaintiff seeks an award of damages of not less than $4,000 per violation arising out of Plaintiff's visit to the Property and Business and for reasonable attorneys' fees litigation expenses, and costs of suit, pursuant to California Civil Code § 52.

**2.    Defendant:**

What we have before the Court is an ADA accessibility case in search of an access barrier. The complaint does not articulate a violation of the Americans with Disabilities Act Accessibility Guidelines (The Guidelines); does not articulate harm (notwithstanding imminent harm); and does not articulate a remedy that can be fashioned by the Court.

<u>The absence of a violation:</u> Plaintiff claims that Defendants' parking contains a built-up curb ramp. A built-up curb ramp is permissible by The Guidelines.
<u>The absence of harm:</u> Plaintiff alleges that he was harmed, but does not explain how.
<u>Remedy sought:</u> there is no explanation of what this Plaintiff seeks to have altered

**B.   LEGAL ISSUES**

   **1.   Plaintiff:**

The principal legal issues are: (1) whether the Defendant is responsible under the law to remove/ remediate barriers; (2) whether the Plaintiff has standing to seek either damages or injunctive relief; (3) whether Plaintiff was denied equal access to the facility and; (4) the nature and extent of Plaintiff's damages.

   **2.   Defendant:** Concur.

**C.   DAMAGES**

   **1.   Plaintiff:**

Plaintiff foresees statutory damages of not less than $4,000 per violation arising out of Plaintiff's visit to the Property and $4,000 for deterrence damages Plaintiff is entitled to pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016) for a total of $8,000 in statutory damages.

   **2.   Defendant:**

There are no violations of the Guidelines. Plaintiff has been made aware of this fact. Defendants will be filing a motion for summary judgment shortly (as they have conferred), seeking a dismissal, and further seeking attorney's fees as the case is utterly frivolous, unreasonable, and lacks foundation.

**D.   INSURANCE**

   The Parties are unaware of insurance coverage applicable to this action.

**E.   MOTIONS**

The Parties do not anticipate motions other than dispositive motions.

F.   **COMPLEXITY**

This is not a complex case and the Manual for Complex Litigation should not be used.

G.   **STATUS OF DISCOVERY**

The Parties have undertaken written discovery. The Parties have exchanged initial disclosures.

H.   **DISCOVERY PLAN**

The Parties do not anticipate any issues regarding ESI, privileged materials, or protective orders. The Parties do not request any changes to the limitations on discovery. The Parties propose expert disclosures be made four months after the scheduling conference. The Parties propose a non-expert and expert discovery cut-off seven months after the scheduling conference. The Parties propose a dispositive motion cut-off ten months after the scheduling conference.

1.   **Plaintiff:**

Plaintiff intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of the Defendant and to conduct an expert site inspection as permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1 Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011). Plaintiff intends to seek discovery related to: (1) the ownership and maintenance of the Property, including the existence of any accessibility barriers and accessible routes; (3) history of changes or modifications to the Property; (4) the feasibility of providing access to persons with disabilities.

2.   **Defendant:**

This is not a complicated case. There are no benefits to written discovery, as the purported violation, which Plaintiff contends caused him difficulty and discomfort, is in plain view and can be inspected at any time.

That said, Defendants will be taking Plaintiff's deposition, and seeking his medical examination to assess his physical limitations. Should the deposition yield "I don't know answers" Defendants will follow up with written discovery.

## I. DISPOSITIVE MOTIONS

Plaintiff anticipates filing a motion for summary judgment or, in the alternative, motions for summary adjudication after completing necessary discovery.

Defendants have stated their intent to file a motion for summary judgment. The argument to be made will be no different than that made in their motion to dismiss. The summary judgment motion will be brought without delay as the parties have conferred.

## J. ALTERNATIVE DISPUTE RESOLUTION ("ADR") PROCEDURE SELECTION

The parties have engaged in informal settlement negotiations. If the Parties are unable to resolve the case on their own, the Parties select ADR Procedure No. 2 (court mediation panel).

## K. PRELIMINARY TRIAL ESTIMATE

**Plaintiff:** The trial is expected to take three to four days. Plaintiff requests a court trial.

**Defendant:** Defendants respectfully request a court trial last thing no more than two days with respect to the ADA claim. As to the Unruh claim, Defendants respectfully request a jury trial, should the court retain supplemental jurisdiction.

## L. TRIAL COUNSEL

For Plaintiff: Osman M. Taher, Joseph R. Manning, Jr. and Craig G. Cote.

For Defendant: Ara Sahelian.

**M.   INDEPENDENT EXPERT OR MASTER**

The Parties do not believe an independent expert or master is necessary.

**N.   OTHER ISSUES**

None.

Dated: December 17, 2020          **MANNING LAW, APC**

By: /s/ Joseph R. Manning Jr., Esq.
Joseph R. Manning Jr., Esq.
Attorneys for Plaintiff

Dated: December 17, 2020          **SAHELIAN LAW OFFICES**

By: /s/ Ara Sahelian, Esq.
Ara Sahelian, Esq.
Attorneys for Defendant

**Certification Pursuant to Local Rule 5-4.3.4(a)(2)(i)**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Joseph R. Manning, Jr., hereby do attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: December 17, 2020          **MANNING LAW, APC**

By:  /s/ *Joseph R. Manning Jr., Esq.*
Joseph R. Manning Jr., Esq.